IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| FERNANDO BALTAZAR MUNIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:05cv466 (JCC) |
| | ) |
| FAIRFAX COUNTY POLICE | ) |
| DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss. Pro se Plaintiff Fernando Baltazar Muniz filed this suit against the Defendant, the Fairfax County Police Department. For the reasons stated below, the Court will grant Defendant's Motion to Dismiss.

### I. Background

Plaintiff Muniz filed this suit against the Fairfax County Police Department after police officers executed a search warrant at a single family residence located at 8101 Orville Street, Alexandria, Virginia, ("the residence,") on April 6, 2005. Muniz rents a room at the residence which was also searched on that date. The pleading he filed is styled as "Pleading Requesting Return of Seized Property Copies, Order of Cease and Desist, and Investigation on Breach of Privacy." Muniz seeks: (1) issuance of a cease and desist order to protect his

rights; (2) restitution of Muniz's information residing on any media; (3) a copy of the recorded video search procedure; (4) return of any copy made of his property; (5) a detailed description of all attempts made to capture or intercept Muniz's communications or information; and (6) a list of all people who have been in contact or attempted to be in contact with Muniz's information since the time of the search.

The Defendant explains that the search warrant was based on a report by a confidential informant that a resident of the residence was in possession of child pornography in violation of Va. Code Ann. § 18.2-374.1:1.  The warrant authorized the seizure of records and documents related to child pornography, including information stored in the form of magnetic and/or electronic coding on computer media.  Pursuant to the warrant, Muniz's Dell computer, Sony camcorder, and back-up disks were seized from the residence.  After an examination of the items, Muniz's property were returned to him on April 11, 2005.

The Defendant filed a motion to dismiss for lack of personal jurisdiction on June 2, 2005.  The parties fully briefed the issues raised in Defendant's dismissal motion and the matter was properly noticed for hearing on July 29, 2005.  Because the issues and governing authorities are adequately set forth in the

parties' pleadings and briefs,[1] oral argument is unnecessary and the matter is appropriately resolved on the papers.  *See* Local Rule of Practice 7(J)(E.D. Va. Feb. 15, 2005); Fed. R. Civ. P. 78 (2005).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action where the court lacks the requisite personal jurisdiction.  The plaintiff bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence once its existence is questioned by the defendant. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)(citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

---

[1] The Court also considered a brief filed by the Plaintiff on July 27, 2005 in response to Defendant's Reply of June 29, 2005.  Although the Local Rules do not permit the Plaintiff to file the additional brief without first seeking leave of the Court, *see* Local Rule of Practice 7(F)(1)(E.D. Va. Feb. 15, 2005), the Court reviewed the additional brief because Plaintiff is pro se.

**III. Analysis**

Defendant argues that the Court has no jurisdiction over the Defendant because it is not an entity that is capable of being sued. Muniz argues that the Defendant is an unincorporated association and may be sued.

The capacity to be sued is determined by the law of Virginia. *See* Fed. R. Civ. P. 17(b)(2005). In Virginia, an operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued. *Davis v. City of Portsmouth*, 579 F. Supp. 1205, 1210 (E.D. Va. 1983), *aff'd* 742 F.2d 1448 (4th Cir. 1984). The Fairfax County Police Department exists as a department of the government of Fairfax County. Va. Code Ann. § 15.2-821 (2005). Since the Fairfax County Police Department has no legal existence separate and apart from Fairfax County, and the Code of Virginia does not provide that it can be sued as a separate entity, Fairfax County Police Department is not capable of being sued. *See Hatcher v. Fairfax Co. Police Dept.*, No. 01-1282 (E.D. Va. Oct. 26, 2001)(granting motion to dismiss); *Almond v. Leiter*, No. 04-905 (E.D. Va. Nov. 10, 2004)(granting motion to dismiss); *see generally* 56 Am. Jur. 2d Municipal Corporations, Etc. § 787 (Among subordinate [departments and entities of municipalities]

generally lacking the capacity to sue or be sued separately are police departments . . . .").[2]

### IV. Conclusion

          For the reasons stated above, the Court will grant Defendant's motion to dismiss without prejudice. An appropriate Order will issue.

August 2, 2005                                    /s/
Alexandria, Virginia          James C. Cacheris
                                         UNITED STATES DISTRICT COURT JUDGE

---

[2] Contrary to Muniz's supposition, Fairfax County Police Department is not an unincorporated association which can sue or be sued. *See* Va. Code Ann. § 8.01-15 (2005). An "unincorporated association" is "a voluntary group of persons joined together by mutual consent for [the] purpose of promoting some stated object and suggests an organized group made from persons who become members of the association voluntarily but subject to certain rules or by-laws." *Id.* note 2. Thus, Virginia courts have held that a hospital association, real estate investment trust, racing commission, landowner association, and a labor organization are unincorporated associations. *Id.* notes 2-5. It is clear that a county police department is not an unincorporated association.